## The People *vs.* Henry G. Green.

On the trial of an indictment for the murder of a wife by her husband, the declarations of the deceased made *in extremis* as to the cause of her death are competent evidence against the prisoner.

*So held* by the chancellor and judges, their opinions being required by the governor pursuant to the statute.

The prisoner was tried at the Rensselaer oyer and terminer, in July, 1845, before Parker, C. Judge, and others, for the murder of his wife by poisoning with arsenic. On the trial the district attorney, after laying a proper foundation, offered to give in evidence the dying declarations of the deceased as to the cause of death. The counsel for the prisoner objected, that dying declarations could not be received *where they came from the wife against the husband :* but the court overruled the objection, and admitted the evidence. The prisoner having been convicted, the case was reported to the governor, who on the second day of September, during the last vacation, consulted his legal advisers in such cases. (*See* 2 *R. S.* 658,  §§ 13, 14.) The Chancellor, the Chief Justice, and Mr. Justice Beardsley, (Jewett, J. being absent,) were of opinion that the evidence was properly admitted : that the dying declarations of the wife may be received against the husband, on the same principle that she is allowed to testify against him where the complaint is of violence against her person.(*a*)

---

(*a*) In *The King* v. *Woodcock,* (2 *Leache's Cr. Ca.* 563,) the dying declarations of the wife to charge the husband with her murder were received at the Old Bailey

The People *v.* Green.

Mr. Justice JEWETT, being afterwards consulted by his brethren, declared himself of the same opinion.(*b*)

Counsel on the trial, for the people, *M. I. Townsend,* (district attorney,) *J. Van Buren,* (attorney general.)

For the defendant, *R.. Lottridge G. Stow, J. Pierson,* and *J. A. Spencer.*

---

and the prisoner was convicted and executed. But although the question ·as to the admissibility of those declarations was examined by Ch. Baron Eyre, before whom the trial was had, with great attention, no objection arising out of the relation of husband and wife between the deceased and the prisoner was suggested. In *Thomas John's case,* as stated in *East's Cr. Law,* 357, similar declarations were offered, and the objection that the wife's declarations could not be received against her husband *was* taken. The evidence was, however, admitted, and the prisoner found guilty ; but on a reference to the judges the conviction was disapproved of, on the ground that it did not appear that the deceased knew she was in danger · when the declarations were made. Nothing was said by them respecting the point under consideration. See also *Pennsylvania* v. *Stoops,* (*Addis.* 381,) where such evidence was held to be competent.

(*b*) The prisoner was executed on the 20th September, 1845.

The following GENERAL RULES were adopted on the 7th day of November, in this term.

### RULE 103.

Criminal cases, and cases in which the people are the plaintiffs in interest, may be moved on behalf of the people out of their order on the calendar, on the morning of any day in the first week of the term; and they may also be moved on the morning of any other day in the term, provided the public prosecutor or the attorney for the plaintiff shall have given a notice of not less than four days of his intention to move on the particular day.

### RULE 104.

When a clerkship as a student at law has already been commenced without complying with the rules of the court by filing a certificate of the commencement of the clerkship, or by procuring and filing an order for the allowance of classical studies, such certificate verified by the affidavit of the attorney may be filed at any time before the first day of February next; and such order may be made by one of the clerks of this court, at any time before the said first day of February next.

If there shall not be a compliance with this order, or in the case of clerkships hereafter commenced, if the rules of the court shall not be observed, the student will lose an allowance for legal or classical studies, as the case may be.